IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                                                   PETITIONER

VERSUS                                                            CIVIL ACTION NO. 5:10cv8-DCB-MTP

DAVID HOLSTEN, et al.                                                                           RESPONDENTS

ORDER

This matter is before the Court on the Petitioner's motion entitled "Petitioner's Reply to Sanctions Warning", which was docketed as a Motion to Reconsider [6]. The motion [6] requests that this Court recuse itself, vacate and withdraw the sanctions warning and vacate the Final Judgment [5] entered February 8, 2010, dismissing the instant petition.

Even though a "motion for reconsideration" is not explicitly recognized by the FEDERAL RULES OF CIVIL PROCEDURE, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds). Having reviewed the motion [6] as well as the record, this Court finds that this motion will be construed as one filed pursuant to Rule 59(e) since it was filed within 28 days of the judgment.

In order to obtain relief Petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003)(citation omitted). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court

should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.* at 626.

After thorough consideration of the motion [6] submitted, the entire court record and relevant case law, the Court concludes that Petitioner has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Furthermore, the request for the recusal is based on the Petitioner's dissatisfaction with the rulings entered by the undersigned. Having carefully considered the motion and the applicable law, the Court finds that the Petitioner's motion [2] should be denied.[1] Accordingly, it is hereby,

---

[1] Title 28 U.S.C. Section 455 (a) requires a judge to stand recused "in any proceeding in which his impartiality might reasonably be questioned." As the goal of § 455(a) "is to exact the appearance of impartiality," recusal may be mandated even though no actual partiality exists. *Hall v. Small Business Admin.*, 695 F.2d 175, 178 (5th Cir. 1983). The standard for recusal is an objective one. If a "reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality," then recusal is warranted. *Health Services Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986).

The petitioner contends that the "court is biased." *Mot.* [6] p.1. This is not sufficient grounds to warrant recusal pursuant to 28 U.S.C. § § 144 or 455. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Mizell*, 88 F.3d 288 (5th Cir. 1996).

ORDERED that Petitioner's motion entitled "Petitioner's Reply to Sanctions Warning" and docketed as a Motion to Reconsider [6] to the Memorandum Opinion [4] and Final Judgment [5] is **denied.**

SO ORDERED this the   22nd   day of February, 2010.

                                                 s/ David Bramlette   
                                              UNITED STATES DISTRICT JUDGE